

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

~~XXXXXXXXXXX~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Paul T. Holt
County Attorney
Austin, Texas

Dear Sir:

Opinion No. O-1037
Re: Whether personal property owned and
used by Austin School of Business and
Nixon-Clay Commercial College is
exempted from taxation.

We are in receipt of your letter of June 23, 1939, wherein
you request our opinion as to whether or not typewriters, school furniture
and other personal property belonging to and used by the Austin School of
Business and the Nixon-Clay Commercial College are exempted from taxation.
You advise that these schools are operated for profit.

Article 8, Section 2 of the Constitution of Texas, as
adopted in 1928, provides that:

"The Legislature may, by general laws, exempt
from taxation .......all buildings used exclusively and
owned by persons or associations of persons for school
purposes, and the necessary furniture of all schools and
property used exclusively and reasonably necessary in
conducting any association engaged in promoting the reli-
gious, educational and physical development of boys,
girls, young men, or young women, operating under a State
or National organization of like character; also the
endowment funds of  such institutions of learning and
religion not used with a view to profit; . . . "

It will be noted that it is not made mandatory by the above
Article 8, Section 2, for the Legislature to extend the exemptions therein
mentioned, but it is provided only that the Legislature may, by general
laws, extend certain exemptions. We find no statute enacted since the
adoption of the above constitutional provision which purports to exempt
from taxation the character of property which you mention in the hands of
business colleges. Furthermore, it will be noted that such constitutional
provision does not authorize the exemption of personal property belonging
to persons or associations of persons for school purposes, but permits the
exemption only of "the necessary furniture of all schools and property
used exclusively and reasonably necessary in conducting any association
engaged in promoting the religious, educational and physical development
of boys , girls, young men, or young women, operating under a State or

National organization of like character; . . ."  It thus becomes apparent
that the constitution does not authorize the Legislature to exempt from
taxation the property with which we are here concerned, and that the Leg-
islature has not by any statute attempted to so exempt such property.  Our
answer to your question, therefore, is in the negative.

                                   Yours very truly

                                   ATTORNEY GENERAL OF TEXAS


                                   By s/ Glenn R. Lewis
                                       Glenn R. Lewis
                                       Assistant

GRL: N: wc


APPROVED  JUNE 30, 1939
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/R.W.F. Chairman